UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

EUGENE AKEEM BOWIE                               CIVIL ACTION NO. 07-2224
        aka Eugene Jackson
VS.                                              SECTION P

STEVE PYLANT, ET AL.                             JUDGE JAMES

                                                 MAGISTRATE JUDGE HAYES

<u>REPORT AND RECOMMENDATION</u>

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on

December 17, 2007, by *pro se* plaintiff Eugene Akeem Bowie, aka Eugene Jackson, Louisiana

Prisoner  #84574.  Plaintiff is an inmate in the custody of Louisiana's Department of Public

Safety and Corrections (LDOC); he is incarcerated at the Franklin Parish Detention Center

(FPDC), Winnsboro, Louisiana. He complains of conditions of confinement and seeks monetary

damages. He sue**s** Franklin Parish Sheriff Steve Pylant, FPDC Warden Chad Lee, Joe Welch,

Fire Marshal, Assistant District Attorney Johnny Boothe, and Major Jack Hammond.  This

matter has been referred to the undersigned for review, report, and recommendation in

accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.  For the

following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH**

**PREJUDICE.**

*Statement of the Case*

For reasons not made clear in the pleadings, LDOC inmate Eugene Jackson, #84574 filed

the instant civil rights complaint referring to himself as Eugene Akeem Bowie. His Statement of

1

Claim [doc. 1, paragraph IV] alleges no claims or facts in support of claims and instead refers to a hand-written attachment labeled "Exhibit A" [see doc. 1, pp. 5-7] which appears to be a pleading filed in Louisiana's Third Judicial District Court. This pleading names Major Jack Hammond, Fire Marshal Joe Welch, Sheriff Steve Pylant, District Attorney William Coenen, Jr., Assistant District Attorney Johnny Boothe, and FPDC Warden Chad Lee as defendants.

The document begins with a rambling, nonsensical recitation of law combined with conclusory allegations of fact.  Plaintiff also complains of unspecified "building code violations," and "fire protection, safety and medical care, exercise or recreation, overcrowding, access to legal materials and court ... right to humane treatment ... religious freedom and human rights... involuntary servitude or slavery ... badges and incident of slavery..." [doc. 1, pp. 5-6] He complains in general about inmates being placed in "cold suicide cell #175" without a "write-up" and he also states, "Take the meanest and most restless of the prison slaves, tar and feather, put him in #175, the next step is to curse and take a bull whip and beat the remaining inmates to the point of death in front of the female inmates don't kill him, but put the fear of 'God' in him for he can be useful for future breeding. They use fear, distrust, and envy for control purposes..." [*Id*.] He then alleges "... the driving force behind racism/white supremacy is white genetic survival..." and opines that "Laws forbidding racial mixing fear of genetic annihilation?" [*Id*.] He asks that "... all of the above be investigated in its entirety..."  and prays for judgment in the amount of $777,777.77 for the suffering sustained by FPDC..." [*Id*., p. 7]

He then concludes by complaining that he was placed in the "drunk tank for 3 months and continuation in administrative segregation where petitioner had not been found guilty of any crime, nonetheless petitioner was placed in a ice cold suicide cell (#175) for 6 day without

2

running water, toilet paper, soap, toothbrush, and having to defecate or urinate in a hole in the floor..." [*Id.*]

### Law and Analysis

#### 1. Initial Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits  alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).  District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint is, for the most part, a rambling nonsensical diatribe against modern American society in general.  Nevertheless, read liberally, his complaint can be interpreted to raise two claims for relief: (1) He alleges a general Fourteenth Amendment due process violation based upon claims that he was wrongfully detained in administrative segregation; and (2) he alleges a general Eighth Amendment "cruel and unusual punishment" claim based upon his extended stay and the conditions of confinement in the "suicide cell."

## 2. Fanciful Claims

Plaintiff's introductory allegations are clearly fanciful and delusional. He does not present either cognizable claims or a logical set of facts to support any claim for relief. Instead, his complaint recites absurd charges which are fanciful and delusional in nature.

## 3. Liberty Interest

As noted, plaintiff concludes his fanciful and delusional diatribe with a more specific complaint concerning his confinement to administrative segregation during some unspecified time period.  As is shown hereinafter, to the extent that he maintains that his confinement was violative of due process, he has failed to state a claim for which relief might be granted.

By virtue of a valid criminal conviction and subsequent legal confinement, a prisoner

4

loses his expectation of liberty. See *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).  Nevertheless, plaintiff implies that his due process rights were violated when prison officials placed him in administrative segregation for a period of three months.

This allegation, taken as true for the purposes of this Report, fails to state a claim for which relief might be granted pursuant to 42 U.S.C. §1983 because  "[t]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  The federal jurisprudence holds, that while the states may under certain circumstances create rights that implicate Due Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Thus, relying on *Sandin*, the Fifth Circuit has found that "'administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." ' *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir.1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (1995)) (rejecting claim that confinement in administrative segregation violated prisoner's due process rights).  The Fifth Circuit has also rejected a state prisoner's claim that the additional restrictions imposed on those in administrative segregation violated his due process rights.  *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir.1998) (per curiam). Therein the court stated " 'absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest." ' *Id.* at 580 (quotation omitted).

In other words, when a prisoner is lawfully incarcerated, he loses many of the rights and privileges that most citizens enjoy. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997). Thus, "... mere[ ] changes in the conditions of [ ] confinement ...  do not implicate due process concerns." See *Madison*, 104 F.3d at 768; see also *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.1999) ("Inmates have no protectable property or liberty interest in custodial classifications."). Plaintiff's claims regarding his confinement in lock down are not "atypical" and thus fail to state a claim for which relief might be granted.

### 4. Conditions of Confinement

Plaintiff has also complained of the conditions of confinement in administrative segregation.  He prays for compensatory damages "... for the suffering sustained by FPDC... [sic]" [doc. 1, p. 7] and elsewhere he alleged that he was entitled to compensatory damages for "unnecessary and wanton infliction of pain and suffering or deliberate indifference..." [*Id*., at p. 4] Clearly, plaintiff alleged no physical injuries resulting from his extended  stay in the FPDC Confinement Cell or as a result of the three month assignment to administrative segregation.  It is therefore reasonable to conclude that the damages he seeks are for mental or emotional injuries.

 Title 42 U .S.C. § 1997e was amended by the Prison Litigation and Reform Act of 1996. Under the current version of the statute, prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997). The courts have not yet fully defined the parameters of what constitutes a "physical

injury" in this context. However, some guidance has been offered by the case of *Luong v. Hatt*, 979 F.Supp. 481 (USDC-ND Tex.1997). In that case, the court analyzed the "physical injury" requirement in the context of excessive force or failure to protect claims. The court reasoned that the determination of whether or not an injury exceeds the *de minimis* threshold should be determined based upon how "... people in a free world setting in exercising their day-to-day medical care would treat such injuries." *Luong*, 979 F.Supp. at 486.

Other than his nebulous and conclusory claim for "pain and suffering," plaintiff has alleged no physical injury resulting from his stay in confinement. Plaintiff has not even alleged injuries which are *de minimis*, and therefore his claim for monetary damages as compensation for the mental injuries is legally without merit. See *Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir.2001) (holding that a plaintiff was not entitled to money damages as a matter of law on his claim for mental and emotional stress due to an increased risk of illness, cold showers, cold food, unsanitary dishes, insect problems, inadequate clothing, and the presence of an open cesspool near the housing unit because he did not allege any physical injuries resulting therefrom); *Harper*, 174 F.3d at 719 (finding that a prisoner complaining about his placement in administrative segregation failed to demonstrate a physical injury as required by § 1997e(e) sufficient to support a claim for monetary damages); *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir.2003), *cert. denied*, 541 U.S. 1012, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004) (nausea and vomiting caused by raw sewage on floor of jail cell was *de minimis* ).

### 5. Conclusion

Plaintiff's claims are either fanciful, frivolous, or fail to state a claim for which relief may be granted.  Therefore,

**IT IS RECOMMENDED**  that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with 28 U.S.C. §§1915(d)(2)(b)  and 1915A(b)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers at Monroe, Louisiana, January 22, 2008.



KAREN L. HAYES
U. S. MAGISTRATE JUDGE

8