# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

**EUGENE AKEEM BOWIE**                    **CIVIL ACTION NO. 07-2224\"P"**
**aka Eugene Jackson**

**VS.**                                                    **JUDGE JAMES**

**STEVE PLYLAND, ET AL.**                    **MAGISTRATE JUDGE HAYES**

## REPORT AND RECOMMENDATION

_____Pro se plaintiff Eugene Akeem Bowie filed a civil rights complaint (42 U.S.C. §1983) on December 17, 2007.  When he filed his suit he was an inmate at the Franklin Parish Detention Center, Winnsboro, Louisiana and he complained of conditions of confinement at that facility. [doc. 1] On January 22, 2008, the undersigned authored a report recommending dismissal of plaintiff's civil rights complaint pursuant to 28 U.S.C. §1915(e)(2)(B)  and §1915A(b)(1). [doc. 4] On January 29, 2008, plaintiff timely objected to the Report and Recommendation.  [doc. 5] On February 25, 2008, the Court issued a ruling which adopted in part the Report and Recommendation; however, based upon plaintiff's objections, the court declined to adopt the section of the Report recommending dismissal on the basis of 42 U.S.C. §1997e.[1] [doc. 7] On the same date the Court signed an order remanding the complaint to the undersigned for further proceedings. [doc. 8]

Meanwhile, on February 24, 2008, the FPDC financial department advised that plaintiff

---

[1] In the Report and Recommendation, the undersigned recommended dismissal of plaintiff's conditions of confinement claim because plaintiff was seeking to recover monetary damages for mental or emotional injuries and he had not alleged a prior physical injury as required by 42 U.S.C. §1983. [doc. 4] In his objection plaintiff alleged that he was seeking monetary damages "... for mental and emotional stress due to an increased risk of illness..." He also alleged that he complained to the Warden about "... absurd physical injury resulting from excessive force..." and, he concluded his objection by stating that he "... had just under went an operation from being confine in a unsanitary suicide cell #175 and sprayed in my eyes and beat up for not wanting to in a suicide cell where there was defecation and urinate on the flood, mix with human blood and food." [doc. 5]

was transferred to the Forcht-Wade Corrections Center on January 29, 2008. [doc. 6]

Nevertheless, since plaintiff did not provide a current address as mandated by the provisions of

Local Rule 41.3W, the Clerk of Court did not update plaintiff's address.  On March 5, 2008,

documents mailed to plaintiff at the last address he supplied were returned as undeliverable.

[docs. 9 and 10]

## <u>LAW AND ANALYSIS</u>

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of

the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the

inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v.*

*Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962).  "The

power to invoke this sanction is necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v.*

*Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Local Rule (LR) 41.3W provides in part, "The failure of a[ ]... pro se litigant to keep the

court apprised of an address change may be considered cause for dismissal for failure to

prosecute when a notice is returned to the court for the reason of an incorrect address and no

correction is made to the address for a period of thirty days."  More than thirty days have elapsed

since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in

accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*,** 79 F.3d 1415 (5th Cir.  1996).

In Chambers at Monroe, Louisiana, this 16th day of May,  2008.



KAREN L. HAYES
U. S. MAGISTRATE JUDGE